# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| **CHRISTOPHER HOPKINS,** *individually and on behalf of all others similarly situated,*<br><br>Plaintiff,<br><br>-against-<br><br>**HOMELIGHT, INC.**, *a Delaware corporation,*<br><br>Defendant. | Civil Case No.: 3:26-cv-05017-BHS<br><br>**CIVIL ACTION**<br><br>**AMENDED CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMAND** |

Plaintiff Christopher Hopkins ("Plaintiff"), by and through undersigned counsel, brings this class action against Defendant Homelight, Inc. ("Defendant" or "Homelight") and alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

## NATURE OF THE ACTION

1. This is a putative class action under the 47 U.S.C. § 227 *et seq*., the Telephone Consumer Protection Act ("TCPA"), arising from Defendant's



Brubaker Law Group PLLC
14506 NE 184th Place
Woodinville, WA 98072
(206) 335-8746
michael@brubakerlawgroup.com

systematic and repeated violations of the TCPA and its implementing regulations.

2. Plaintiff brings this action pursuant to 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), which prohibit telephone solicitations to residential or cellular telephone numbers listed on the National Do Not Call ("DNC") Registry.

3. Despite Plaintiff's number being registered on the DNC, Defendant sent him multiple telephone solicitations, including calls and SMS text messages. These solicitations were made without Plaintiff's prior express consent.

4. Plaintiff also brings this action under 47 C.F.R. § 64.1200(d), which requires telemarketers to maintain an internal do-not-call list and to honor individual do-not-contact requests.

5. Defendant violated this rule by repeatedly contacting Plaintiff after he clearly and unambiguously revoked any prior consent and requested no further communications. Defendant failed to maintain and honor an internal do-not-call list, as required.

6. Defendant is a real estate technology company that operates an online platform connecting consumers with real estate agents and related services.

7. To promote its services, Defendant sends telephone solicitations to clients.



Brubaker Law Group PLLC
14506 NE 184th Place
Woodinville, WA 98072
(206) 335-8746
michael@brubakerlawgroup.com

8. After using an online platform to get an estimate on the value of his home, Plaintiff began receiving unsolicited telephone solicitations sent to his phone number from Defendant.

9. Plaintiff communicated to Defendant that he did not wish to be contacted. Nonetheless, Plaintiff received additional telemarketing messages from Defendant.

10. Upon information and belief, by failing to honor do-not-call requests from both the National Do-Not-Call registry and after receiving requests for the communications to stop, Defendant has harmed hundreds, if not thousands, of consumers.

11. Through this action, Plaintiff seeks injunctive relief to halt Defendant's unlawful conduct, which has resulted in the ensuing invasion of privacy, aggravation and disruption of the daily life of countless individuals.

12. Plaintiff also seeks statutory damages on behalf of himself and Class Members, as defined below, and any other available legal or equitable remedies.

**PARTIES**

13. Plaintiff is, and at all times relevant hereto was, an individual and a "person" as defined by 47 U.S.C. § 153(39), a citizen and resident of Pierce County,



Brubaker Law Group PLLC
14506 NE 184th Place
Woodinville, WA 98072
(206) 335-8746
michael@brubakerlawgroup.com

Washington, and the sole and primary subscriber and user of the cellular telephone number ***-***-3985 (the "3985 Number").

14. Defendant is, and at all times relevant hereto was, a Delaware corporation and a "person" as defined by 47 U.S.C. § 153(39) that maintains its primary place of business in Arizona. Defendant directs, markets, and provides business activities throughout the State of Washington.

## JURISDICTION, VENUE, AND STANDING

15. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, as this action arises under the TCPA, a federal statute.

16. Defendant is subject to personal jurisdiction in Washington because it purposefully directed its telemarketing activities toward Washington residents, including Plaintiff, and the claims asserted arise from Defendant's contacts with Washington.

17. Venue for this action is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial portion of the wrongful conduct giving rise to this lawsuit took place within this judicial District.

18. Plaintiff has standing to maintain this action because Plaintiff suffered a legal injury as a result of Defendant's violations of the TCPA, and because he is not requesting an advisory opinion from this Court. Thus, Plaintiff has a sufficient



Brubaker Law Group PLLC
14506 NE 184th Place
Woodinville, WA 98072
(206) 335-8746
michael@brubakerlawgroup.com

stake in a justiciable controversy and seeks to obtain judicial resolution of that controversy.

## STATUTORY BACKGROUND

19. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing … can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

20. § 227(c) of the TCPA requires the FCC to "initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1).

21. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

22. A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*



Brubaker Law Group PLLC
14506 NE 184th Place
Woodinville, WA 98072
(206) 335-8746
michael@brubakerlawgroup.com

23. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are made. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

24. The TCPA and its implementing regulations also require that any person or entity engaging in telemarking must maintain its own internal do-not-call list and must record and honor individual requests not to be contacted. 47 C.F.R. § 64.1200(d). These protections apply equally to calls and text messages made to wireless numbers.

25. The Federal Communication Commission ("FCC") has made rulings regarding the TCPA's vicarious liability of telemarketing for calls placed by their agents. As early as 1995, the FCC stated that "[c]alls placed by an agent of the telemarketer are treated as if the telemarketer itself placed the call." See *In re Rules and Regulations Implementing the TCPA of 1991*, 10 FCC Rcd. 12391, 12397 ("The 1995 Ruling.")

## FACTUAL ALLEGATIONS



Brubaker Law Group PLLC
14506 NE 184th Place
Woodinville, WA 98072
(206) 335-8746
michael@brubakerlawgroup.com

26. Defendant owns and operates Homelight, a real estate technology company that operates an online platform connecting consumers with real estate agents and related services

27. To promote its services, Defendant engages in sending telemarketing calls to clients.

### *NATIONAL DO NOT CALL REGISTRY VIOLATIONS*

28. On July 28, 2025, Plaintiff registered his telephone number ending in –3985 on the National Do Not Call registry.

29. Plaintiff's telephone number ending in –3985 has been registered on the National Do Not Call registry ever since that date.

30. Plaintiff's telephone number ending in –3985 is a residential telephone number and he is a residential telephone subscriber with regards to this phone number.

31. Other than the subject telephone number ending in –3985, Plaintiff does not have a different home phone number and this is the only phone number he uses as his home phone number.

32. Plaintiff does not use the telephone number ending in –3985 for business purposes.



Brubaker Law Group PLLC
14506 NE 184th Place
Woodinville, WA 98072
(206) 335-8746
michael@brubakerlawgroup.com

33. Despite this registration, Defendant sent at least thirteen (13) unsolicited telephone solicitations to Plaintiff's number between October 22, 2025, and November 30, 2025.

34. These communications were part of Defendant's standardized and recurring telemarking campaign.

35. Upon information and belief, Defendant contacted numerous consumers whose numbers were listed on the National Do Not Call Registry in a similar fashion.

36. Defendant's failure to consult or adhere to the National Do Not Call Registry before initiating telephone solicitations violates 47 C.F.R. § 64.1200(c)(2).

### *INTERNAL DO NOT CALL REGISTRY*

37. On or about October 21, 2025, Plaintiff utilized an online platform to check the estimated value of his home.

38. Upon information and belief, after using the online platform, Plaintiff's contact information was provided to participating real estate companies, including Defendant Homelight.

39. Shortly thereafter, Defendant began contacting Plaintiff through telephone calls and SMS messages for marketing purposes related to real estate services.



Brubaker Law Group PLLC
14506 NE 184th Place
Woodinville, WA 98072
(206) 335-8746
michael@brubakerlawgroup.com

40. On October 22, 2025, Plaintiff received a phone call from Defendant in which Defendant offered to connect Plaintiff to a real estate agent if he was interested in selling his home.

41. Plaintiff did not wish to proceed further so he asked Defendant's agent to stop calling him.

42. Despite this, Defendant continued to place telephone solicitations to Plaintiff's phone number.

43. Telephone calls received after Plaintiff requested all communication to stop on October 22, 2025, include:

(a) October 22, 2025;

(b) October 22, 2025;

(c) October 22, 2025;

(d) October 23, 2025; and

(e) October 23, 2025.

44. On October 23, 2025, Plaintiff received multiple unsolicited marketing text messages from Defendant.

45. Specifically, at approximately 12:00 p.m., Plaintiff received a telemarketing text message from Defendant which read:



Brubaker Law Group PLLC
14506 NE 184th Place
Woodinville, WA 98072
(206) 335-8746
michael@brubakerlawgroup.com

> Welcome to HomeLight! Thank you for expressing interest in selling your home. We'll be reaching out shortly to help with your request. Reply stop to cancel.

46. Approximately one minute later, Plaintiff received another telemarketing text message from Defendant which read:

> Hi Christopher, this is Alex on behalf of HomeLight. Are you thinking about possibly selling a home sometime in the future?

47. That same day at approximately 12:35 p.m., Plaintiff received another telemarketing text message from Defendant which read:

> Let's connect for a few minutes today so I can finalize your list of recommended agents. Do you prefer text or a phone call?

48. Despite Plaintiff not responding, approximately an hour later, Plaintiff received yet another telemarketing text message from Defendant which read:

> Hi Christopher, I just need to confirm you're still interested in order to introduce you to a few top real estate agents in your area. Let me know!

49. On October 23, 2025, Plaintiff received yet another telemarketing text message from Defendant which read:



Brubaker Law Group PLLC
14506 NE 184th Place
Woodinville, WA 98072
(206) 335-8746
michael@brubakerlawgroup.com

> Is now a good time to connect? Let me know when you have a free moment to text or speak on the phone. Eager to help however I can.

50. Confused as to who was messaging him throughout the day, Plaintiff immediately responded to the message asking, “Who is this?what’s it regarding?”

51. Approximately one minute later, Plaintiff received another telemarketing text message from Defendant which read:

> Sorry, I might have reached you by mistake. I work with HomeLight to connect people with top real estate agents. Are you looking to buy or sell a home?

52. Plaintiff did not wish to proceed further so he replied with the words “Please stop all communication” to opt out, as instructed and received a subsequent confirmation that he had been unsubscribed from further texts.

53. Despite this, Defendant continued to place telephone solicitations to Plaintiff’s phone number after October 23, 2025.

54. Text messages received after Plaintiff opted out on October 23, 2025, include:

(a) October 24, 2025;

(b) October 25, 2025;

(c) October 26, 2025;



Brubaker Law Group PLLC
14506 NE 184th Place
Woodinville, WA 98072
(206) 335-8746
michael@brubakerlawgroup.com

(d) October 27, 2025;

(e) October 28, 2025;

(f) October 30, 2025;

(g) October 31, 2025;

(h) November 1, 2025;

(i) November 2, 2025; and

(j) November 30, 2025.

55. Furthermore, Plaintiff specifically opted out of communication on: (a) October 24, 2025; (b) October 28, 2025; (c) October 30, 2025; (d) October 31, 2025; and (e) November 2, 2025.

56. Defendant even sent subsequent confirmation to Plaintiff that further communication would stop on: (a) October 24, 2025; (b) October 30, 2025; (c) October 31, 2025; and (d) November 2, 2025.

57. These communications all came from the phone number (509)485-8643.

58. This phone number is owned, maintained and operated by Defendant, as supported by the fact that the sender and caller always identify that the communication is from Homelight and, when that phone number is called back, the automated message responds "Thank you for calling Homelight".



Brubaker Law Group PLLC
14506 NE 184th Place
Woodinville, WA 98072
(206) 335-8746
michael@brubakerlawgroup.com

59. Upon information and belief, Plaintiff did not make any agreement to be contacted or marketed to using text messaging when he engaged with the online platform to refinance his home.

60. The purpose of Defendant's telephone solicitations was to promote and solicit the services offered by Defendant, namely Defendant's service of matching home sellers with agents so that Defendant could then earn referral fees.

61. Defendant's texts and calls were not made for an emergency purpose or to collect on a debt pursuant to 47 U.S.C. § 227(b)(1)(B).

62. Upon information and belief, at no point in time did Plaintiff provide Defendant with his express consent to be contacted.

63. To the extent that Defendant had any consent to contact Plaintiff, that consent was expressly revoked when Plaintiff told Defendant to "stop" over the phone on October 22, 2025.

64. To the extent that Defendant had any consent to contact Plaintiff, that consent was expressly revoked when Plaintiff opted out of communication through text messages on: (a) October 23, 2025; (b) October 24, 2025; (c) October 28, 2025; (d) October 30, 2025; (e) October 31, 2025; and (f) November 2, 2025.



Brubaker Law Group PLLC
14506 NE 184th Place
Woodinville, WA 98072
(206) 335-8746
michael@brubakerlawgroup.com

65. Upon information and belief, Defendant caused similar text messages and telephone calls to be sent to other individuals residing within this judicial District.

66. Automated telephone solicitations, such as the ones made by Defendant, are subject to the TCPA. See Fed. Commc'ns Comm., Enforcement Advisory No. 2016-06, DA 16-1299, *Robotext Consumer Protection: Text Message Senders Must Comply With the Telephone Consumer Protection Act* (Nov. 18, 2016).

67. Under FCC guidance and well-settled case law, text messages constitute "calls" within the meaning of the TCPA. See *Gager v. Dell Fin. Services, LLC*, 727 F.3d 265, 269 (3d Cir. 2013); *Satterfield v. Simon & Schuster, Inc.,* 569. F.3d 946, 952 (9th Cir. 2009).

68. 47 C.F.R. § 64.1200(d) requires that a company implement certain minimum policies and procedures prior to making telemarketing calls.

69. These policies and procedures include maintaining a written policy, available upon demand, for maintaining a do-not-call list; training personnel engaged in telemarketing; and recording and honoring do-not-call requests when made.



Brubaker Law Group PLLC
14506 NE 184th Place
Woodinville, WA 98072
(206) 335-8746
michael@brubakerlawgroup.com

70. Upon information and belief, Defendant does not have a written policy for maintaining an internal do-not-call list pursuant to 47 C.F.R. § 64.1200(d)(1).

71. Upon information and belief, Defendant fails to inform and train its agents engaged in telemarking in the existence and use of any internal do-not-call list, as required by 47 C.F.R. § 64.1200(d)(2), as evinced by the fact that Defendant failed to honor Plaintiff's multiple do-not-call requests made via both text messages and over a live telephone call.

72. Upon information and belief, Defendant fails to honor do-not-call requests – as evinced by the fact that Defendant failed to honor Plaintiff's multiple do-not-call requests made via both text messages and over a live telephone call.

73. Upon information and belief, the telephone solicitations originated from a number owned, controlled, or operated by Defendant because the messages clearly reference Homelight and describe services that correspond to those offered by Defendant.

74. Plaintiff and the Class members have suffered concrete harm because of Defendant's unwanted and unsolicited communication, including, but not limited to:

- Device storage;
- Data usage;



Brubaker Law Group PLLC
14506 NE 184th Place
Woodinville, WA 98072
(206) 335-8746
michael@brubakerlawgroup.com

- Lost time tending to and responding to the unsolicited text messages;
- Invasion of Privacy;
- Intrusion upon Seclusion;
- Nuisance,
- Aggravation; and
- Annoyance.

75. Defendant's telephone solicitations also inconvenienced Plaintiff and caused disruption to his daily life.

76. These forms of injury are sufficient for Article III standing purposes.

77. Defendant directly initiated the unlawful communication to Plaintiff and the other Class members and is directly liable for violating the TCPA.

## CLASS ALLEGATIONS

### PROPOSED CLASSES

78. Plaintiff brings this action pursuant to Rule 23(a), Rule 23(b)(2), and Rule 23(b)(3) of the Federal Rules of Civil Procedure individually and on behalf of all other similarly situated persons as a class action. The "Classes" that Plaintiff seeks to represent are comprised of and defined as:

> **National Do Not Call Registry Class: All persons within the United States who, within the four years prior to the filing of this Complaint, were sent more than one telephone solicitation within a 12-month period by Defendant, to a residential or cellular telephone number that was registered on the National**



Brubaker Law Group PLLC
14506 NE 184th Place
Woodinville, WA 98072
(206) 335-8746
michael@brubakerlawgroup.com

**Do Not Call Registry for at least 31 days prior to the first message.**

**<u>Internal Do Not Call Class</u>: All persons within the United States who, within the four years prior to the filing of this Complaint, were sent more than one telephone solicitation within a 12-month period from Defendant, to said person's cellular telephone number *after* making a communication indicating they wished to stop contact and who are likely to be subject to future similar conduct.**

79. Defendant and its employees or agents are excluded from the Class. Plaintiff reserves the right to modify the Class definitions as warranted as facts are learned in further investigation and discovery.

80. Plaintiff does not know the number of members in the Class but believes the Class members number in the several thousands, if not more.

**<u>NUMEROSITY</u>**

81. Upon information and belief, Defendant has placed violative calls to cellular telephone numbers belonging to thousands of consumers throughout the United States after they had revoked consent to be contacted. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.



Brubaker Law Group PLLC
14506 NE 184th Place
Woodinville, WA 98072
(206) 335-8746
michael@brubakerlawgroup.com

82. The exact number and identities of the Class members are unknown at this time and can be ascertained only through discovery and a review of Defendant's records. Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

**COMMONALITY**

83. There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Among the questions of law and fact common to the Class are:

i. Whether Defendant violated 47 C.F.R. § 64.1200(d);

ii. Whether Defendant's conduct was knowing and willful;

iii. Whether Defendant adhered to requests by class members to stop sending telephone solicitations to their telephone numbers;

iv. Whether Defendant keeps records of text and call recipients who revoked consent to receive texts and/or calls;

v. Whether Defendant has any written policies for maintaining an internal do not call list;

vi. Whether Defendant violated the privacy rights of Plaintiff and members of the class;



Brubaker Law Group PLLC
14506 NE 184th Place
Woodinville, WA 98072
(206) 335-8746
michael@brubakerlawgroup.com

vii. Whether Defendant is liable for damages, and the amount of such damages; and

viii. Whether Defendant and its agents should be enjoined from engaging in such conduct in the future.

84. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely transmits calls and text messages to telephone numbers assigned to cellular telephone services after the consumer has opted out of further communication is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

**TYPICALITY**

85. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories. Plaintiff and the Class sustained damages as a result of Defendant's uniform wrongful conduct during transactions with Plaintiff and the Class.

**ADEQUACY**

86. Plaintiff is a representative who willfully and adequately asserts and protects the interests of the Class and has retained competent counsel experienced in complex class actions. Plaintiff has no interest antagonistic to those of the Class,



Brubaker Law Group PLLC
14506 NE 184th Place
Woodinville, WA 98072
(206) 335-8746
michael@brubakerlawgroup.com

and Defendant has no defenses unique to Plaintiff. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

**SUPERIORITY**

87. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the thousands or millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

88. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual



Brubaker Law Group PLLC
14506 NE 184th Place
Woodinville, WA 98072
(206) 335-8746
michael@brubakerlawgroup.com

actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

89. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. Economies of time, effort and expense will be fostered, and uniformity of decisions ensured.

**COUNT I**

**Violations of the TCPA, 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c)**

*Individually and on Behalf of the National Do Not Call Registry Class*

90. Plaintiff re-alleges and incorporates the foregoing allegations as if fully set forth herein.

91. Pursuant to 47 U.S.C. §227(c), the Federal Communications Commission ("FCC") was directed to issue regulations to protect residential and wireless telephone subscribers' privacy rights to avoid receiving unwanted telephone solicitations.

92. Under 47 C.F.R. § 64.1200(c)(2), a person or entity must not initiate any telephone solicitation to a residential or wireless telephone subscriber who has registered their number on the National Do Not Call Registry for at least thirty (30) days.



Brubaker Law Group PLLC
14506 NE 184th Place
Woodinville, WA 98072
(206) 335-8746
michael@brubakerlawgroup.com

93. Plaintiff's telephone number was listed on the National Do Not Call Registry well prior to any of Defendant's telephone solicitations alleged herein.

94. Despite this registration, Defendant sent more than one telephone solicitation to Plaintiff's number within a 12-month period.

95. These solicitations were not sent in error, nor were they isolated events. Rather, they were part of a repetitive and ongoing telemarketing campaign conducted by Defendant.

96. Defendant failed to consult the National Do Not Call Registry prior to initiating these solicitations, and failed to implement any reasonable procedures to ensure compliance with the TCPA's national DNC requirements.

97. Defendant's conduct violated 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c)(2) because Plaintiff and other members of the National Do Not Call Registry Class received more than one telephone solicitation within a 12-month period, despite their numbers being listed on the Registry for at least thirty days.

98. As a result of Defendant's conduct, Plaintiff and the National Do Not Call Registry Class suffered invasions of privacy and are entitled to an award of statutory damages.

99. For each unlawful telephone solicitation sent to Plaintiff and members of the National Do Not Call Registry Class in violation of 47 U.S.C. § 227(c)(5)



Brubaker Law Group PLLC
14506 NE 184th Place
Woodinville, WA 98072
(206) 335-8746
michael@brubakerlawgroup.com

and 47 C.F.R. § 64.1200(c)(2), Plaintiff and Class members are entitled to recover their actual monetary loss or up to $500 in statutory damages per violation, whichever is greater.

100. If the Court finds that Defendant's violations were knowing or willful, Plaintiff and Class members are entitled to treble damages of up to $1,500 per violation, pursuant to 47 U.S.C. § 227(c)(5).

101. Plaintiff and the Class are also entitled to seek injunctive relief prohibiting Defendant from sending further telephone solicitations to numbers registered on the National Do Not Call Registry, pursuant to 47 U.S.C. § 227(c)(5).

**COUNT II**

**Violations of the TCPA, 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(d)**

*Individually and on Behalf of the Internal Do Not Call Class*

102. Plaintiff re-alleges and incorporates the foregoing allegations as if fully set forth herein.

103. The TCPA provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c)(5).



Brubaker Law Group PLLC
14506 NE 184th Place
Woodinville, WA 98072
(206) 335-8746
michael@brubakerlawgroup.com

104. Under 47 C.F.R. § 64.1200(d), "[n]o person or entity shall initiate… any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:

> (3) Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request . . . .
>
> (6) Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made.

47 C.F.R. § 64.1200(d)(3), (6).



Brubaker Law Group PLLC
14506 NE 184th Place
Woodinville, WA 98072
(206) 335-8746
michael@brubakerlawgroup.com

105. Under 47 C.F.R § 64.1200(e) the rules set forth in 47 C.F.R. § 64.1200(d) are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers:

> (e) The rules set forth in paragraph (c) and (d) of this section are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers to the extent described in the Commission's Report and Order, CG Docket No. 02-278, FCC 03-153, "Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991.

47 C.F.R. § 64.1200(e).

106. Plaintiff and the Internal Do Not Call Class members made requests to Defendant not to receive calls from Defendant.

107. Defendant failed to honor Plaintiff and the Internal Do Not Call Class members' requests.

108. Any prior consent to receive communications from Defendant was revoked by Plaintiff's opt-out request(s), which Defendant ignored, in violation of 47 C.F.R. § 64.1200(d).

109. Upon information and belief, Defendant has not instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on their behalf, pursuant to 47 C.F.R. § 64.1200(d).



Brubaker Law Group PLLC
14506 NE 184th Place
Woodinville, WA 98072
(206) 335-8746
michael@brubakerlawgroup.com

110. Because Plaintiff and the Internal Do Not Call Class members received more than one telephone call in a 12-month period made by Defendant in violation of 47 C.F.R. § 64.1200(d), as described above, Defendant violated 47 U.S.C. § 227(c)(5).

111. As a result of Defendant's violations of 47 U.S.C. § 227(c)(5), Plaintiff and the Internal Do Not Call Class members are entitled to an award of actual monetary loss or up to $500.00 in statutory damages per violation, whichever is greater, for each and every negligent violation, pursuant to 47 U.S.C. § 227(c)(5).

112. As a result of Defendant's violations of 47 U.S.C. § 227(c)(5), Plaintiff and the Internal Do Not Call Class members are entitled to treble damages of up to $1,500.00 per violation, for each and every knowing and/or willful violation, pursuant to 47 U.S.C. § 227(c)(5).

113. Plaintiff and the Internal Do Not Call Class members also suffered damages in the form of invasion of privacy.

114. Plaintiff and the Internal Do Not Call Class members are also entitled to and seek injunctive relief prohibiting Defendant's illegal conduct in the future, pursuant to 47 U.S.C. § 227(c)(5).

## PRAYER FOR RELIEF



Brubaker Law Group PLLC
14506 NE 184th Place
Woodinville, WA 98072
(206) 335-8746
michael@brubakerlawgroup.com

WHEREFORE, Plaintiff, individually and on behalf of the other members of the Class, prays for the following relief:

i. An order certifying this matter as a class action with Plaintiff as Class Representative, and designating Marcus & Zelman, LLC as Class Counsel;

ii. An award of actual and statutory damages for each and every negligent violation to each member of the Do Not Call Registry Class and Internal Do Not Call Class pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(c)(5);

iii. An award of treble actual or statutory damages for each and every knowing and/or willful violation to each member of the Do Not Call Registry Class and Internal Do Not Call Class pursuant to 47 U.S.C § 227(b)(3) and 47 U.S.C. § 227(c)(5);

iv. An order declaring that Defendant's actions, set out above, violate the TCPA;

v. An injunction requiring Defendant to cease all unsolicited text messaging and calling activity, and to otherwise protect the interests of the Class;

vi. Pre-judgment and post-judgment interest on monetary relief; and



Brubaker Law Group PLLC
14506 NE 184th Place
Woodinville, WA 98072
(206) 335-8746
michael@brubakerlawgroup.com

vii. Such further and other relief as the Court deems necessary.

## **JURY DEMAND**

Plaintiff, individually and on behalf of the Class, hereby demand a trial by jury.

## **DOCUMENT PRESERVATION DEMAND**

Plaintiff demands that Defendant take affirmative steps to preserve all records, lists, electronic databases or other itemizations associated with the allegations herein, including all records, lists, electronic databases or other itemizations in the possession of any vendors, individuals, and/or companies contracted, hired, or directed by Defendant to assist in sending the alleged communications.

Dated: April 9, 2026

Respectfully submitted,

/s/ Yitzchak Zelman
MARCUS & ZELMAN, LLC
Yitzchak Zelman, Esq.
701 Cookman Avenue, Suite 300
Asbury Park, NJ 07712
(732) 695-3282
yzelman@marcuszelman.com

By: /s/ Michael Brubaker



Brubaker Law Group PLLC
14506 NE 184th Place
Woodinville, WA 98072
(206) 335-8746
michael@brubakerlawgroup.com

Michael Brubaker, WSBA #49804
Brubaker Law Group PLLC
14506 NE 184th Place
Woodinville, WA 98072
(206) 335-8746
michael@brubakerlawgroup.com

ATTORNEYS FOR PLAINTIFF