The Honorable Benjamin H. Settle

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHRISTOPHER HOPKINS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HOMELIGHT, INC., a Delaware corporation,<br><br>Defendant. | CASE NO. 3:26-cv-05017-BHS<br><br>**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT** |

Defendant HomeLight, Inc. ("Defendant" or "HomeLight"), through its undersigned counsel and in accordance with Fed. R. Civ. P. 12 and all other applicable rules and law, hereby respectfully submits its Answer and Affirmative Defenses ("Answer") to the first "Amended Class Action Complaint" (*see* Dkt. 16, "FAC") filed by Plaintiff Christopher Hopkins ("Plaintiff") in the above-captioned matter, and in so doing, HomeLight answers, avers, and responds to each of the claims and allegations against HomeLight therein asserted, and asserts certain defenses thereto, as follows:[1]

## NATURE OF THE ACTION

1. As to the allegations in Paragraph 1 of the FAC, Defendant admits only that Plaintiff purports to seek relief under the Telephone Consumer Protection Act ("TCPA") as well as class

[1] Defendant submits this Answer to satisfy its immediate obligations to respond to the Complaint under Rule 12. It does so without waiver of its rights to seek or to move to seek certification for an interlocutory appeal with respect to the Court's order denying Defendant's motion to dismiss Plaintiff's FAC (*see* Dkt. 23) pursuant to 28 U.S.C. §1292(b). Defendant will be so moving shortly.



MERRICK, HOFSTEDT & LINDSEY, P.S.
ATTORNEYS AT LAW
3101 WESTERN AVENUE, SUITE 200
SEATTLE, WASHINGTON 98121
(206) 682-0610

treatment, but denies violating the TCPA or any other law (including in particular that there have been "systematic and repeated violations of the TCPA and its implementing regulations" through any action or inactions by or on behalf of Defendant, as Plaintiff alleges) or that this case is worthy or capable of class treatment. Defendant further denies that Plaintiff has stated a legally cognizable TCPA claim. Any remaining allegations in this Paragraph (including any allegations in the preceding preamble paragraph to the FAC) are denied.

2. The allegations in Paragraph 2 of the FAC do not appear to reflect allegations of fact against Defendant and instead reflect, in whole or in part, legal conclusions and/or a summary or quotation of legal authority, which speaks for itself, and thus no response is required. To the extent a response is deemed required, Defendant admits only that Plaintiff purports to seek relief in part under the National "Do Not Call" ("DNC") Registry provisions of the TCPA in this case but denies having violated the TCPA or any other applicable law, including the cited TCPA provisions. Defendant further denies that Plaintiff has stated a legally cognizable TCPA claim. Any remaining allegations in this Paragraph are denied.

3. As to the allegations of Paragraph 3 of the FAC, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding "Plaintiff's number being registered on the DNC" as alleged, and on this basis denies them, and further denies any implication of liability against Defendant that could be inferred therefrom. Any remaining allegations in this Paragraph are denied.

4. The allegations in Paragraph 4 of the FAC do not appear to reflect allegations of fact against Defendant and instead reflect, in whole or in part, legal conclusions and/or a summary or quotation of legal authority, which speaks for itself, and thus no response is required. To the extent a response is deemed required, Defendant admits only that Plaintiff purports to seek relief (in part) under the TCPA's "internal" DNC procedural regulations but denies having violated the TCPA or any other applicable law, including the cited TCPA provisions. Defendant further denies that Plaintiff has stated a legally cognizable TCPA claim. Any remaining allegations in this Paragraph are denied.

5. Defendant denies all allegations in Paragraph 5 of the FAC.

6. Defendant admits the allegations in Paragraph 6 of the FAC, but denies any implication of liability that may be inferred therefrom.

7. Defendant denies all allegations in Paragraph 7 of the FAC.

8. Defendant denies all allegations in Paragraph 8 of the FAC.

9. Defendant denies all allegations in Paragraph 9 of the FAC.

10. Defendant denies all allegations in Paragraph 10 of the FAC.

11. As to the allegations of Paragraph 11 of the FAC, Defendant admits only that Plaintiff purports to seek injunctive relief, but denies that Plaintiff is entitled or has standing to seek such relief or any other relief. All remaining allegations in this Paragraph are denied.

12. As to the allegations of Paragraph 12 of the FAC, Defendant admits only that Plaintiff purports to seek statutory damages, but denies that Plaintiff is entitled or has standing to seek such relief or any other relief. All remaining allegations in this Paragraph are denied.

## PARTIES

13. The allegations of Paragraph 13 of the FAC do not appear to reflect allegations of fact against Defendant and instead reflect, in whole or in part, legal conclusions or citations to legal authority as to which no response is required. To the extent a response is deemed required, Defendant denies the accuracy of Plaintiff's legal conclusions. Responding further, Defendant lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in Paragraph 13 of the FAC, and on this basis denies them.

14. The allegations of Paragraph 14 of the FAC do not appear to reflect allegations of fact against Defendant and instead reflect, in whole or in part, legal conclusions as to which no response is required. To the extent a response is deemed required, Defendant denies the accuracy of Plaintiff's legal conclusions. Responding further, Defendant admits only that it is a Delaware corporation, maintains its headquarters in Arizona, and generally conducts business in Washington state, but denies any implication of liability that may be inferred therefrom. Any remaining allegations in this Paragraph are denied.



MERRICK, HOFSTEDT & LINDSEY, P.S.
ATTORNEYS AT LAW
3101 WESTERN AVENUE, SUITE 200
SEATTLE, WASHINGTON 98121
(206) 682-0610

## JURISDICTION, VENUE, AND STANDING

15. The allegations in Paragraph 15 of the FAC do not appear to reflect allegations of fact against Defendant and instead reflect, in whole or in part, legal conclusions and, therefore, no response is required. To the extent a response is deemed required, Defendant denies the accuracy of Plaintiff's legal conclusions. Responding further, Defendant admits only that Plaintiff purports to invoke this Court's federal jurisdiction to the extent the TCPA is a federal statute, but denies that such jurisdiction is proper to the extent Plaintiff lacks Article III standing and has not stated a legally cognizable TCPA claim. Any remaining allegations in this Paragraph are denied.

16. The allegations in Paragraph 16 of the FAC do not appear to reflect allegations of fact against Defendant and instead reflect, in whole or in part, legal conclusions and, therefore, no response is required. To the extent a response is deemed required, Defendant denies the accuracy of Plaintiff's legal conclusions. Responding further, Defendant admits only that HomeLight generally conducts business in Washington state, but denies any implication of liability that may be inferred therefrom. Any remaining allegations in this Paragraph are denied.

17. The allegations in Paragraph 17 of the FAC do not appear to reflect allegations of fact against Defendant and instead reflect, in whole or in part, legal conclusions as to which no response is required. To the extent a response is deemed required, Defendant denies the accuracy of Plaintiff's legal conclusions. Any remaining allegations in this Paragraph are denied.

18. The allegations in Paragraph 18 of the FAC do not appear to reflect allegations of fact against Defendant and instead reflect, in whole or in part, legal conclusions as to which no response is required. To the extent a response is deemed required, Defendant denies the accuracy of Plaintiff's legal conclusions. Any remaining allegations in this Paragraph are denied.

## STATUTORY BACKGROUND

19. The allegations in Paragraph 19 of the FAC do not appear to reflect allegations of fact against Defendant and instead reflect, in whole or in part, legal conclusions and/or a summary or quotation of legal authority, which speaks for itself, and thus no response is required. To the extent a response is deemed required, Defendant denies having violated the TCPA or any other applicable



MERRICK, HOFSTEDT & LINDSEY, P.S.
ATTORNEYS AT LAW
3101 WESTERN AVENUE, SUITE 200
SEATTLE, WASHINGTON 98121
(206) 682-0610

law. Defendant further denies that Plaintiff has stated a legally cognizable TCPA claim under the invoked provisions. Any remaining allegations in this Paragraph are denied.

20. The allegations in Paragraph 20 of the FAC do not appear to reflect allegations of fact against Defendant and instead reflect, in whole or in part, legal conclusions and/or a summary or quotation of legal authority, which speaks for itself, and thus no response is required. To the extent a response is deemed required, Defendant denies the accuracy of Plaintiff's legal conclusions and denies having violated the TCPA or any other applicable law. Defendant further denies that Plaintiff has stated a legally cognizable TCPA claim under the invoked provisions. Any remaining allegations in this Paragraph are denied.

21. The allegations in Paragraph 21 of the FAC do not appear to reflect allegations of fact against Defendant and instead reflect, in whole or in part, legal conclusions and/or a summary or quotation of legal authority, which speaks for itself, and thus no response is required. To the extent a response is deemed required, Defendant denies the accuracy of Plaintiff's legal conclusions and denies having violated the TCPA or any other applicable law. Defendant further denies that Plaintiff has stated a legally cognizable TCPA claim under the invoked provisions. Any remaining allegations in this Paragraph are denied.

22. The allegations in Paragraph 22 of the FAC do not appear to reflect allegations of fact against Defendant and instead reflect, in whole or in part, legal conclusions and/or a summary or quotation of legal authority, which speaks for itself, and thus no response is required. To the extent a response is deemed required, Defendant denies the accuracy of Plaintiff's legal conclusions and denies having violated the TCPA or any other applicable law. Defendant further denies that Plaintiff has stated a legally cognizable TCPA claim under the invoked provisions. Any remaining allegations in this Paragraph are denied.

23. The allegations in Paragraph 23 of the FAC do not appear to reflect allegations of fact against Defendant and instead reflect, in whole or in part, legal conclusions and/or a summary or quotation of legal authority, which speaks for itself, and thus no response is required. To the extent a response is deemed required, Defendant denies the accuracy of Plaintiff's legal conclusions and

denies having violated the TCPA or any other applicable law. Defendant further denies that Plaintiff has stated a legally cognizable TCPA claim under the invoked provisions. Any remaining allegations in this Paragraph are denied.

24. The allegations in Paragraph 24 of the FAC do not appear to reflect allegations of fact against Defendant and instead reflect, in whole or in part, legal conclusions and/or a summary or quotation of legal authority, which speaks for itself, and thus no response is required. To the extent a response is deemed required, Defendant denies the accuracy of Plaintiff's legal conclusions and denies having violated the TCPA or any other applicable law. Defendant further denies that Plaintiff has stated a legally cognizable TCPA claim under the invoked provisions. Any remaining allegations in this Paragraph are denied.

25. The allegations in Paragraph 25 of the FAC do not appear to reflect allegations of fact against Defendant and instead reflect, in whole or in part, legal conclusions and/or a summary or quotation of legal authority, which speaks for itself, and thus no response is required. To the extent a response is deemed required, Defendant denies the accuracy of Plaintiff's legal conclusions and denies having violated the TCPA or any other applicable law. Defendant further denies that Plaintiff has stated a legally cognizable TCPA claim under the invoked provisions. Any remaining allegations in this Paragraph are denied.

## FACTUAL ALLEGATIONS

26. Defendant admits the allegations in Paragraph 26 of the FAC, but denies any implication of liability that may be inferred therefrom.

27. Defendant denies all allegations in Paragraph 27 of the FAC.

### *NATIONAL DO NOT CALL REGISTRY VIOLATIONS*

28. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 of the FAC, and on this basis denies them, and further denies any implication of liability that might be inferred therefrom.

29. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 of the FAC, and on this basis denies them, and further denies any



MERRICK, HOFSTEDT & LINDSEY, P.S.
ATTORNEYS AT LAW
3101 WESTERN AVENUE, SUITE 200
SEATTLE, WASHINGTON 98121
(206) 682-0610

implication of liability that might be inferred therefrom.

30. The allegations in Paragraph 30 of the FAC do not appear to reflect allegations of fact against Defendant and instead reflect, in whole or in part, legal conclusions as to which no response is required. To the extent a response is deemed required, Defendant denies the accuracy of Plaintiff's legal conclusions. Defendant lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in Paragraph 30 of the FAC, and on this basis denies them, and further denies any implication of liability that might be inferred therefrom.

31. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 of the FAC, and on this basis denies them, and further denies any implication of liability that might be inferred therefrom.

32. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 of the FAC, and on this basis denies them, and further denies any implication of liability that might be inferred therefrom.

33. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 33 of the FAC with respect to "registration" of the subject phone number, and on this basis denies them, and further denies any implication of liability that might be inferred therefrom. All remaining allegations in this Paragraph are denied.

34. Defendant denies all allegations in Paragraph 34 of the FAC.

35. Defendant denies all allegations in Paragraph 35 of the FAC.

36. The allegations in Paragraph 36 of the FAC appear to reflect, in whole or in part, legal conclusions as to which no response is required. To the extent a response is deemed required, Defendant denies the accuracy of Plaintiff's legal conclusions or that it violated the TCPA or any other applicable law. Any remaining allegations in this Paragraph are denied.

***INTERNAL DO NOT CALL REGISTRY***

37. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 of the FAC, and on this basis denies them, and further denies any implication of liability that might be inferred therefrom.



MERRICK, HOFSTEDT & LINDSEY, P.S.
ATTORNEYS AT LAW
3101 WESTERN AVENUE, SUITE 200
SEATTLE, WASHINGTON 98121
(206) 682-0610

38. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 of the FAC, and on this basis denies them, and further denies any implication of liability that might be inferred therefrom.

39. Defendant denies the allegations in Paragraph 39 of the FAC.

40. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40 of the FAC, and on this basis denies them, and further denies any implication of liability that might be inferred therefrom.

41. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41 of the FAC, and on this basis denies them, and further denies any implication of liability that might be inferred therefrom.

42. Defendant denies the allegations in Paragraph 42 of the FAC.

43. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 of the FAC (including all subparagraphs), and on this basis denies them, and further denies any implication of liability that might be inferred therefrom.

44. Defendant denies the allegations in Paragraph 44 of the FAC.

45. Defendant denies the allegations in Paragraph 45 of the FAC.

46. As to the allegations in Paragraph 46 of the FAC, Defendant denies making any "telephone solicitation" communications to Plaintiff. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 46 of the FAC, and on this basis denies them, and further denies any implication of liability that might be inferred therefrom.

47. As to the allegations in Paragraph 47 of the FAC, Defendant denies making any "telephone solicitation" communications to Plaintiff. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 47 of the FAC, and on this basis denies them, and further denies any implication of liability that might be inferred therefrom.

48. As to the allegations in Paragraph 48 of the FAC, Defendant denies making any

"telephone solicitation" communications to Plaintiff. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 48 of the FAC, and on this basis denies them, and further denies any implication of liability that might be inferred therefrom.

49. As to the allegations in Paragraph 49 of the FAC, Defendant denies making any "telephone solicitation" communications to Plaintiff. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 49 of the FAC, and on this basis denies them, and further denies any implication of liability that might be inferred therefrom.

50. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50 of the FAC, and on this basis denies them, and further denies any implication of liability that might be inferred therefrom.

51. As to the allegations in Paragraph 51 of the FAC, Defendant denies making any "telephone solicitation" communications to Plaintiff. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 51 of the FAC, and on this basis denies them, and further denies any implication of liability that might be inferred therefrom.

52. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52 of the FAC, and on this basis denies them, and further denies any implication of liability that might be inferred therefrom.

53. Defendant denies the allegations in Paragraph 53 of the FAC.

54. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54 of the FAC (including all subparagraphs), and on this basis denies them, and further denies any implication of liability that might be inferred therefrom.

55. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55 of the FAC, and on this basis denies them, and further denies any implication of liability that might be inferred therefrom.



MERRICK, HOFSTEDT & LINDSEY, P.S.
ATTORNEYS AT LAW
3101 WESTERN AVENUE, SUITE 200
SEATTLE, WASHINGTON 98121
(206) 682-0610

56. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56 of the FAC, and on this basis denies them, and further denies any implication of liability that might be inferred therefrom.

57. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57 of the FAC, and on this basis denies them, and further denies any implication of liability that might be inferred therefrom.

58. Defendant denies the allegations in Paragraph 58 of the FAC.

59. Defendant denies the allegations in Paragraph 59 of the FAC.

60. Defendant denies the allegations in Paragraph 60 of the FAC.

61. Defendant denies the allegations in Paragraph 61 of the FAC.

62. Defendant denies the allegations in Paragraph 62 of the FAC.

63. The allegations in Paragraph 63 of the FAC appear to reflect, in whole or in part, legal conclusions as to which no response is required. To the extent a response is deemed required, Defendant denies the accuracy of Plaintiff's legal conclusions. Responding further, Defendant lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in Paragraph 63 of the FAC, and on this basis denies them, and further denies any implication of liability that might be inferred therefrom.

64. The allegations in Paragraph 64 of the FAC appear to reflect, in whole or in part, legal conclusions as to which no response is required. To the extent a response is deemed required, Defendant denies the accuracy of Plaintiff's legal conclusions. Responding further, Defendant lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in Paragraph 64 of the FAC, and on this basis denies them, and further denies any implication of liability that might be inferred therefrom.

65. Defendant denies the allegations in Paragraph 65 of the FAC.

66. The allegations in Paragraph 66 of the FAC appear to reflect, in whole or in part, legal conclusions and/or a summary or quotation of legal authority, which speaks for itself, and thus no response is required. To the extent a response is deemed required, Defendant denies the accuracy

of Plaintiff's legal conclusions and denies having violated the TCPA or any other applicable law. Defendant further denies that Plaintiff has stated a legally cognizable TCPA claim under the invoked provisions. Any remaining allegations in this Paragraph are denied.

67. The allegations in Paragraph 67 of the FAC appear to reflect, in whole or in part, legal conclusions and/or a summary or quotation of legal authority, which speaks for itself, and thus no response is required. To the extent a response is deemed required, Defendant denies the accuracy of Plaintiff's legal conclusions and denies having violated the TCPA or any other applicable law. Defendant further denies that Plaintiff has stated a legally cognizable TCPA claim under the invoked provisions. Any remaining allegations in this Paragraph are denied.

68. The allegations in Paragraph 68 of the FAC appear to reflect, in whole or in part, legal conclusions and/or a summary or quotation of legal authority, which speaks for itself, and thus no response is required. To the extent a response is deemed required, Defendant denies the accuracy of Plaintiff's legal conclusions and denies having violated the TCPA or any other applicable law. Defendant further denies that Plaintiff has stated a legally cognizable TCPA claim under the invoked provisions. Any remaining allegations in this Paragraph are denied.

69. The allegations in Paragraph 69 of the FAC appear to reflect, in whole or in part, legal conclusions and/or a summary of legal authority, which speaks for itself, and thus no response is required. To the extent a response is deemed required, Defendant denies the accuracy of Plaintiff's legal conclusions and denies having violated the TCPA or any other applicable law. Defendant further denies that Plaintiff has stated a legally cognizable TCPA claim under the invoked provisions. Any remaining allegations in this Paragraph are denied.

70. Defendant denies the allegations of Paragraph 70 of the FAC.

71. Defendant denies the allegations of Paragraph 71 of the FAC.

72. Defendant denies the allegations of Paragraph 72 of the FAC.

73. Defendant denies the allegations of Paragraph 73 of the FAC.

74. Defendant denies the allegations of Paragraph 74 of the FAC., including all subparagraphs.



MERRICK, HOFSTEDT & LINDSEY, P.S.
ATTORNEYS AT LAW
3101 WESTERN AVENUE, SUITE 200
SEATTLE, WASHINGTON 98121
(206) 682-0610

75. Defendant denies the allegations of Paragraph 75 of the FAC.

76. The allegations in Paragraph 76 of the FAC do not appear to reflect allegations of fact against Defendant and instead reflect, in whole or in part, legal conclusions as to which no response is required. To the extent a response is deemed required, Defendant denies the accuracy of Plaintiff's legal conclusions, and further denies that Plaintiff has Article III standing. Any remaining allegations in this Paragraph are denied.

77. Defendant denies the allegations of Paragraph 77 of the FAC.

## CLASS ALLEGATIONS

### PROPOSED CLASSES

78. As to the allegations in Paragraph 78 of the FAC, Defendant admits only that Plaintiff purports to bring a claim on behalf of himself and putative class members and seeks class treatment, but denies inter alia that any class or classes exists, the proposed class definitions are proper, the FAC includes any facially-certifiable class allegations, Defendant violated the TCPA or any other applicable law, Plaintiff has stated a plausible claim for relief or has standing to bring a claim under the TCPA, Plaintiff would be an adequate class representative, or this case is worthy or capable of class treatment. Any remaining allegations in this Paragraph are denied.

79. As to the allegations in Paragraph 79 of the FAC, Defendant denies that there is any certifiable class in this case. Any remaining allegations in this Paragraph are denied.

80. Defendant denies the allegations of Paragraph 80 of the FAC.

### NUMEROSITY

81. Defendant denies the allegations of Paragraph 81 of the FAC.

82. Defendant denies the allegations of Paragraph 82 of the FAC.

### COMMONALITY

83. Defendant denies the allegations of Paragraph 83 of the FAC, including all subparagraphs.

84. Defendant denies the allegations of Paragraph 84 of the FAC.



MERRICK, HOFSTEDT & LINDSEY, P.S.
ATTORNEYS AT LAW
3101 WESTERN AVENUE, SUITE 200
SEATTLE, WASHINGTON 98121
(206) 682-0610

**TYPICALITY**

85. Defendant denies the allegations of Paragraph 85 of the FAC.

**ADEQUACY**

86. Defendant denies the allegations of Paragraph 86 of the FAC.

**SUPERIORITY**

87. Defendant denies the allegations of Paragraph 87 of the FAC.

88. Defendant denies the allegations of Paragraph 88 of the FAC.

89. Defendant denies the allegations of Paragraph 89 of the FAC.

**COUNT I**
**Violations of the TCPA, 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c)**
*Individually and on Behalf of the National Do Not Call Registry Class*

90. As to the allegations in Paragraph 90 of the FAC, Defendant incorporates by reference its responses to Paragraphs 1 through 89 above, as if fully stated herein.

91. The allegations in Paragraph 91 of the FAC appear to reflect, in whole or in part, legal conclusions and/or a summary or quotation of legal authority, which speaks for itself, and thus no response is required. To the extent a response is deemed required, Defendant denies the accuracy of Plaintiff's legal conclusions and denies having violated the TCPA or any other applicable law. Defendant further denies that Plaintiff has stated a legally cognizable TCPA claim under the invoked provisions. Any remaining allegations in this Paragraph are denied.

92. The allegations in Paragraph 92 of the FAC appear to reflect, in whole or in part, legal conclusions and/or a summary or quotation of legal authority, which speaks for itself, and thus no response is required. To the extent a response is deemed required, Defendant denies the accuracy of Plaintiff's legal conclusions and denies having violated the TCPA or any other applicable law. Defendant further denies that Plaintiff has stated a legally cognizable TCPA claim under the invoked provisions. Any remaining allegations in this Paragraph are denied.

93. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 93 of the FAC with respect to "registration" of the subject phone number, and on this basis denies them, and further denies any implication of liability that might be

inferred therefrom. All remaining allegations in this Paragraph are denied.

94. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 94 of the FAC with respect to "registration" of the subject phone number, and on this basis denies them, and further denies any implication of liability that might be inferred therefrom. All remaining allegations in this Paragraph are denied.

95. Defendant denies the allegations of Paragraph 95 of the FAC.

96. Defendant denies the allegations of Paragraph 96 of the FAC.

97. Defendant denies the allegations of Paragraph 97 of the FAC.

98. Defendant denies the allegations of Paragraph 98 of the FAC.

99. Defendant denies the allegations of Paragraph 99 of the FAC.

100. Defendant denies the allegations of Paragraph 100 of the FAC.

101. Defendant denies the allegations of Paragraph 101 of the FAC.

**COUNT II**
**<u>Violations of the TCPA, 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(d)</u>**
*Individually and on Behalf of the Internal Do Not Call Class*

102. As to the allegations in Paragraph 102 of the FAC, Defendant incorporates by reference its responses to Paragraphs 1 through 101 above, as if fully stated herein.

103. The allegations in Paragraph 103 of the FAC appear to reflect, in whole or in part, legal conclusions and/or a summary or quotation of legal authority, which speaks for itself, and thus no response is required. To the extent a response is deemed required, Defendant denies the accuracy of Plaintiff's legal conclusions and denies having violated the TCPA or any other applicable law. Defendant further denies that Plaintiff has stated a legally cognizable TCPA claim under the invoked provisions. Any remaining allegations in this Paragraph are denied.

104. The allegations in Paragraph 104 of the FAC appear to reflect, in whole or in part, legal conclusions and/or a summary or quotation of legal authority, which speaks for itself, and thus no response is required. To the extent a response is deemed required, Defendant denies the accuracy of Plaintiff's legal conclusions and denies having violated the TCPA or any other applicable law. Defendant further denies that Plaintiff has stated a legally cognizable TCPA claim under the invoked



MERRICK, HOFSTEDT & LINDSEY, P.S.
ATTORNEYS AT LAW
3101 WESTERN AVENUE, SUITE 200
SEATTLE, WASHINGTON 98121
(206) 682-0610

provisions. Any remaining allegations in this Paragraph are denied, including all subparagraphs.

105. The allegations in Paragraph 105 of the FAC appear to reflect, in whole or in part, legal conclusions and/or a summary or quotation of legal authority, which speaks for itself, and thus no response is required. To the extent a response is deemed required, Defendant denies the accuracy of Plaintiff's legal conclusions and denies having violated the TCPA or any other applicable law. Defendant further denies that Plaintiff has stated a legally cognizable TCPA claim under the invoked provisions. Any remaining allegations in this Paragraph are denied, including all subparagraphs.

106. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 106 of the FAC, and on this basis denies them, and further denies any implication of liability that might be inferred therefrom.

107. Defendant denies the allegations of Paragraph 107 of the FAC.

108. Defendant denies the allegations of Paragraph 108 of the FAC.

109. Defendant denies the allegations of Paragraph 109 of the FAC.

110. Defendant denies the allegations of Paragraph 110 of the FAC.

111. Defendant denies the allegations of Paragraph 111 of the FAC.

112. Defendant denies the allegations of Paragraph 112 of the FAC.

113. Defendant denies the allegations of Paragraph 113 of the FAC.

114. Defendant denies the allegations of Paragraph 114 of the FAC.

## PLAINTIFF'S PRAYER FOR RELIEF

WHEREFORE, Defendant denies each and every allegation set forth in the "Prayer for Relief" in Plaintiff's FAC (including all subparts and subparagraphs), and specifically denies that Plaintiff is entitled to any of the damages or other relief requested in the FAC, either expressly or by implication, including but not limited to the specific relief requested on pages 27 and 28 of the FAC, or to any relief whatsoever, and demands the strictest of proof of all alleged damages, injuries, and harms. Defendant further denies that it violated the TCPA or any other law in relation to this action or otherwise, and thus denies Plaintiff is entitled to relief under such laws. Defendant further denies that Plaintiff is entitled to treble damages or "[s]uch other and further relief" Plaintiff requests in the FAC,

including but not limited to injunctive relief, fees and costs, or punitive damages.

**DEMAND FOR JURY TRIAL**

Defendant does not oppose at this time Plaintiff's demand for jury trial.

**DOCUMENT PRESERVATION DEMAND**

Plaintiff's purported "Document Preservation Demand" on page 28 of the FAC is improper, does not allege any facts, and therefore no response is necessary. To the extent any implication of liability could be inferred therefrom, it is denied.

**DEFENDANT'S GENERAL DENIALS**

All allegations in the FAC, including those presented in any and all attached exhibits or in any and all subparts or subparagraphs or in any preamble or footnotes, that are not specifically admitted above are hereby expressly and fully denied, and Defendant denies any and all allegations implied or that may be inferred from any captions or headings in or footnotes to the FAC or that purport to relate to conduct by other parties. For the avoidance of doubt, as to the responses above, Defendant denies any liability as to having violated the TCPA, or any other applicable state or federal law, or that Plaintiff is entitled to any damages or other relief under the TCPA or otherwise, including but not limited to the specific statutory provisions identified in the FAC or others. Defendant further denies Plaintiff or any putative class member is entitled to any relief or damages whatsoever, and demands strict proof thereof. Defendant further denies that this Court has proper federal subject matter jurisdiction (particularly to the extent Plaintiff lacks Article III standing) or that Plaintiff is entitled to class treatment. Any scrivener's error herein should not be construed against Defendant and should be construed as a denial rather than an admission of liability.

**DEFENDANT'S AFFIRMATIVE AND OTHER DEFENSES**

By alleging the affirmative and other defenses herein and below, Defendant intends no alteration of any burden of proof that otherwise exists with regard to the claims in the FAC. All defenses are pled in the alternative and do not constitute an admission either of liability, of subject matter jurisdiction, or as to whether Plaintiff is entitled to relief. For the avoidance of doubt, nothing in these defenses should be construed as an admission of liability or as to the sufficiency of the

allegations in the FAC, and any allegation of fault by Defendant in the FAC (whether expressly alleged or that could be inferred from the allegations) is denied.

**<u>FIRST AFFIRMATIVE DEFENSE</u>**

**(Failure to State a Claim)**

For the same reasons Defendant previously identified (*see* Dkt. 19 and 21), and notwithstanding the Court's ruling to the contrary (with which Defendant respectfully disagrees), and for other reasons, Plaintiff's FAC fails to set forth facts sufficient to state or constitute a claim against Defendant under the TCPA or any other law, fails to state a legally cognizable TCPA claim under the invoked provisions, fails to plead facts demonstrating Article III standing, and fails to state facts sufficient to entitle Plaintiff or any putative class member to the relief sought, or any relief whatsoever. This includes in particular (but is not limited to) that text messages are not "telephone calls" and thus not subject to the TCPA's DNC provisions. Further, Defendant contends Plaintiff will be unable to establish such facts as necessary to satisfy Plaintiff's burden of proof as to the claim asserted.

**<u>SECOND AFFIRMATIVE DEFENSE</u>**

**(Not Willful and/or Knowing; Treble Damages)**

Plaintiff has not carried and cannot carry his burden of showing that any action or omission by Defendant was "willful" or "knowing" and, therefore is not entitled to treble damages under the TCPA or any other law that provides for treble damages.

**<u>THIRD AFFIRMATIVE DEFENSE</u>**

**(Consent, and/or Established Business Relationship)**

Upon information and belief, Plaintiff's claims are barred because, to the extent Plaintiff received any telephonic communications from Defendant, or from third parties on Defendant's behalf in this action if any, which is denied, (i) Plaintiff requested to receive said telephonic communications, (ii) any such telephonic communications were sent with Plaintiff's "prior express invitation or permission" (or "prior express written consent" or "prior express consent" where required), (iii) he had an "established business relationship" with Defendant or the caller, (iv) his consent was not required on account of the nature of the calls or the technology used (*i.e.*, the at-issue calls did not



MERRICK, HOFSTEDT & LINDSEY, P.S.
ATTORNEYS AT LAW
3101 WESTERN AVENUE, SUITE 200
SEATTLE, WASHINGTON 98121
(206) 682-0610

involve an artificial or prerecorded voice, or the equipment used to make calls is not covered by or subject to the TCPA's requirements), (v) the communications at issue were "informational" or "transactional" in nature and not marketing; and/or (vi) such telephonic communications were sent in response to an inquiry, were not unwanted, and, in fact, were requested and/or consented to by Plaintiff, an authorized third-party, and/or the regular user and/or subscriber of the subject phone number who may have been acting in concert with Plaintiff.

**FOURTH AFFIRMATIVE DEFENSE**

**(Error)**

Plaintiff's claims are barred, in whole or in part, because, to the extent he received any violative communications directly from Defendant or on behalf of Defendant, which Defendant denies, such communications were the result of bona fide error.

**FIFTH AFFIRMATIVE DEFENSE**

**(Good Faith)**

At all times relevant to the matters alleged in the FAC, Defendant acted in good faith, reasonably and without any actual or constructive knowledge of any alleged breach of any legal duty owed to Plaintiff, or any other alleged wrong done to Plaintiff.

Additionally, all conduct and activities of Defendant alleged in the FAC conformed to statutes, regulations and industry standards based upon the state of knowledge existing at the time(s) alleged in the FAC. As a consequence, some or all of Plaintiff's claim is barred in full, or in part, based on Defendant's (or any purported agent's) good faith belief that they had good cause and/or a legitimate business reason to act as they did and did not directly or indirectly perform any acts that would constitute a violation of Plaintiff's rights. Moreover, Plaintiff's allegations that he is entitled to treble damages based on "knowing" or "willful" violations are barred for this same reason.

**SIXTH AFFIRMATIVE DEFENSE**

**(Third Party Acts)**

As Defendant may learn through discovery, Plaintiff's claims are barred because the alleged conduct was caused or contributed to by the acts or omissions of Plaintiff and/or third parties other



MERRICK, HOFSTEDT & LINDSEY, P.S.
ATTORNEYS AT LAW
3101 WESTERN AVENUE, SUITE 200
SEATTLE, WASHINGTON 98121
(206) 682-0610

than Defendant, over which Defendant had no control, and for which Defendant is not liable either directly or vicariously. For the avoidance of doubt, Defendant contends that it is not directly or vicariously liable for the alleged unlawful acts of any other party or third party (if any, to be determined in discovery) because, *inter alia*, (i) it did not physically make the communications at issue, (ii) it did not have a common law agency relationship with any third party that did make the subject communications, and (iii) it cannot be held liable under the TCPA pursuant to any common law agency theory (including actual authority, apparent authority, or ratification).

**SEVENTH AFFIRMATIVE DEFENSE**

**(Failure to Join)**

Plaintiff's claims fail due to his failure to join necessary or indispensable parties in this action, including but not limited to the person(s) or entity (or entities) who sent the alleged communications at issue in purported violation of the TCPA and/or acted on such person's or entity's behalf in doing so and any other user or owner of the subject phone number who provided consent to be contacted by Defendant.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Fifth Amendment Due Process)**

To the extent the TCPA is applied against Defendant to impose upon Defendant liability in circumstances that Defendant could not have reasonably avoided and/or damages that would be grossly disproportional to any actual harm caused by the activity in question, the TCPA violates the Due Process Clause of the Fifth Amendment to the United States Constitution. *See Golan v. Veritas Ent., LLC*, 2017 WL 3923162, at *3 (E.D. Mo. Sept. 7, 2017), *aff'd sub nom.* 930 F.3d 950 (8th Cir. 2019) (citing *Capital Records, Inc. v. Thomas-Rasset*, 692 F.3d 899, 907 (8th Cir. 2012) ("[T]he TCPA's statutory damages clause is constitutional, but a specific damages award may be unconstitutional if it is so severe and oppressive as to be wholly disproportionate to the offense and obviously unreasonable.")).



MERRICK, HOFSTEDT & LINDSEY, P.S.
ATTORNEYS AT LAW
3101 WESTERN AVENUE, SUITE 200
SEATTLE, WASHINGTON 98121
(206) 682-0610

## NINTH AFFIRMATIVE DEFENSE

**(Due Process – Punitive Damages)**

To the extent that the FAC seeks punitive or exemplary damages under the TCPA, it violates the rights of Defendant under the Due Process provisions of the United States Constitution, as grossly excessive penalties entered on a discretionary basis may amount to an "arbitrary deprivation of property without the due process of law." *See, e.g. TXO Prod Corp. v. Alliance Res. Corp.*, 509 U.S. 443, 453, 454 (1993); *BMW of N. Am., Inc. v. Gore*, 517 U.S. 559, 562 (1996). The TCPA affords discretion to award up to $1,500.00 "per violation."

## TENTH AFFIRMATIVE DEFENSE

**(Eighth Amendment Excessive Fines)**

If TCPA is applied against Defendant to impose liability grossly disproportional to any actual harm allegedly caused by the activity in question, the TCPA violates the Eighth Amendment to the United States Constitution, which prohibits excessive fines. Statutory penalties violate due process rights "where the penalty prescribed is so severe and oppressive as to be wholly disproportionate to the offense and obviously unreasonable." *United States v. Citrin*, 972 F. 2d 1044, 1051 (9th Cir. 1992) (quoting *St. Louis, I.M. & S. Ry. Co. v. Williams*, 251 U.S. 63, 66-67 (1919)).

## ELEVENTH AFFIRMATIVE DEFENSE

**(De Minimis Harm)**

Plaintiff's claims are barred, in whole or in part, by the doctrine of de minimis harm because the actual harm allegedly suffered by Plaintiff (if any, which is not conceded and expressly denied) is negligible.

## TWELFTH AFFIRMATIVE DEFENSE

**(Equitable Defenses)**

Plaintiff's claims are barred, in whole or in part, based upon the doctrines of unclean hands, estoppel, waiver, and/or other doctrines or theories of equity, including but not limited to assumption of risk, particularly (but not limited) to the extent that Plaintiff consented to receiving the communications and/or authorized another person's use of the phone number at issue and/or provision

of consent for calls to that number, or requested, sought out, induced or otherwise encouraged communications for the sole or intended purpose of bringing TCPA claims. For the avoidance of doubt, failure to list a specific equitable defense herein should not be construed as a waiver of any equitable defenses. Rather, Defendant invokes, without limitation, any and all equitable defenses available to it under applicable law and interpretive authority.

For the avoidance of doubt, Defendant asserts, without limitation, all defenses, protections, and limitations available to it under the TCPA and its related implementing regulations, or any other applicable law as to Plaintiff's claims in the FAC, including but not limited to that (i) Defendant did not contact Plaintiff without consent, (2) Defendant did not contact or authorize others to contact Plaintiff as alleged in the FAC (or at all), (3) Defendant has established and implemented, with due care, reasonable practices and procedures to effectively prevent violations of the TCPA's regulations, and such practices and procedures were in place and followed at all relevant times, (4) Plaintiff did not receive an actionable "telephone solicitation" or "telemarketing" call within the meaning of the TCPA or other applicable law, (5) Plaintiff requested, sought out, consented to, induced or otherwise encouraged contact for the sole or intended purpose of bringing TCPA and/or equivalent claims, without having suffered any injury, and/or (6) upon information and belief, the telephone number at issue is used by and for Plaintiff's business purposes and are not used for "residential" purposes (including that the number is not the primary means of reaching him at his residence), and therefore Plaintiff does not qualify as a "residential telephone subscriber" within the meaning of the TCPA.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

Plaintiff is not entitled to relief because, if Plaintiff has been damaged, which Defendant denies, Plaintiff has failed to mitigate his damages, and therefore any recovery against Defendant is barred or should be reduced accordingly.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Lack of Standing)**

Plaintiff lacks standing to bring his claims under Article III of the United States Constitution



MERRICK, HOFSTEDT & LINDSEY, P.S.
ATTORNEYS AT LAW
3101 WESTERN AVENUE, SUITE 200
SEATTLE, WASHINGTON 98121
(206) 682-0610

or otherwise (including "prudential" or "statutory" standing), particularly to the extent that Plaintiff did not suffer a concrete and particularized injury in fact that is traceable to or redressable by Defendant, and/or to the extent that Plaintiff (i) is not the subscriber, owner and/or user of the subject phone number, (ii) consented to receiving the communications at issue in this action, (iii) requested to be called, (iv) did not actually receive the subject communications or did not do so on the subject number, (v) induced the communications and/or authorized another third-party to do so on his behalf, and/or (vi) is not within the "zone of interests" that the TCPA and other laws invoked in his FAC were designed to protect, among other reasons.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Legitimate Business Purpose)**

All conduct and activities of Defendant, including any purported agents, alleged in the FAC conformed to statutes, regulations and industry standards based upon the state of knowledge existing at the time(s) alleged in the FAC. As a consequence, some or all of Plaintiff's claims are barred in full, or in part, based on Defendant's good faith belief that Defendant or any third party purporting to act on its behalf had good cause and/or a legitimate business reason to act as they did and did not directly or indirectly perform any acts that would constitute a violation of Plaintiff's rights.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Intervening/Superseding Cause)**

The FAC is barred, in whole or in part, to the extent that Plaintiff's purported damages, if any, resulted from acts and/or omissions of other parties, third parties, conditions, or by forces and/or things over whom/which Defendant had no control, including but not limited to any user or subscriber of the phone number who provided consent to receive the calls at issue. Plaintiff's claim is barred for the additional reason that, upon information and belief, Plaintiff consented to receiving the communications at issue or authorized others to do so, and/or expressly invited or solicited the communications for the intended purpose of bringing a TCPA or equivalent claim. Thus, the acts of Plaintiff or such other parties/third parties/forces/conditions constitute intervening or superseding causes of any purported harm.



MERRICK, HOFSTEDT & LINDSEY, P.S.
ATTORNEYS AT LAW
3101 WESTERN AVENUE, SUITE 200
SEATTLE, WASHINGTON 98121
(206) 682-0610

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(No Proximate Cause)**

If Plaintiff suffered or sustained any damages or injury as a proximate result of the purported conduct of Defendant or third parties purportedly acting on its behalf, which Defendant denies, such damages or injury were proximately caused by or contributed to by the acts and/or negligence of Plaintiff and/or third parties, which bars or reduces Plaintiff's right to recover any such damages against Defendant. Accordingly, Plaintiff is barred from recovering any such damages and/or is subject to a proportionate reduction on a comparative fault basis for any alleged damages so caused.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Ratification)**

The cause of action in the FAC is barred, in whole or in part, by the doctrines of acquiescence, ratification, and consent for the reasons stated above and below, and for others. This is because, among other reasons, Plaintiff consented to receiving the communications at issue, and/or expressly invited or solicited the communications for the intended purpose of bringing a TCPA (or equivalent) claim.

**NINETEENTH AFFIRMATIVE DEFENSE**

**(Safe Harbor)**

At all times relevant to the matters alleged in the FAC, Defendant had established and implemented written procedures to comply with (and has so complied with) the applicable TCPA Do-Not-Call rules. For the avoidance of doubt, Defendant asserts all "safe harbor" and other affirmative defenses available to it under all applicable TCPA provisions and related implementing regulations, as interpreted by the Federal Communications Commission and applicable decisional authority and as amended, pertaining to Plaintiff's allegations against Defendant in this matter (*see, e.g.*, 47 U.S.C. §§ 227(c) and 47 C.F.R. § 64.1200(c)) without limitation.

**TWENTIETH AFFIRMATIVE DEFENSE**

**(Class Not Certifiable)**

Plaintiff does not meet the class requirements of Rule 23 of Federal Rules of Civil Procedure. Specifically, Defendant contends that Plaintiff cannot meet, at the minimum, the class certification



MERRICK, HOFSTEDT & LINDSEY, P.S.
ATTORNEYS AT LAW
3101 WESTERN AVENUE, SUITE 200
SEATTLE, WASHINGTON 98121
(206) 682-0610

requirements of numerosity, commonality, typicality, and adequate representation. Additionally, the putative class is not ascertainable by objective measures and common issues of law and fact do not predominate over individualized inquiries, including because the circumstances under which individuals might provide consent and/or revoke consent can naturally vary by individual. Plaintiff also cannot meet the requirements for class certification because he is not a member of the class he seeks to represent, to the extent that there has been no TCPA violation by Defendant.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

**(No Injunctive Relief)**

Plaintiff has failed to state facts (and indeed there are no such facts) that would entitle Plaintiff or any putative class member to obtain injunctive relief because, among other reasons, there is no threat of immediate, imminent, and/or continuing harm, and therefore Plaintiff lacks standing to pursue this relief and/or such relief is not available as a matter of law. *See, e.g.*, *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158 (2014); *TransUnion LLC v. Ramirez*, 594 U.S. 413, 435 (2021); *Miller v. Time Warner Cable Inc.*, 2016 WL 7471302, at *2–4 (C.D. Cal. Dec. 27, 2016).

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

**(Reservation of Rights and Defenses; Additional or Other Defenses)**

Certain additional affirmative and other defenses to the FAC and to the purported claims for relief stated therein may be available to Defendant. However, these additional defenses may require discovery before they can be properly alleged as certain information is in the hands of Plaintiff and/or third parties. Thus, Defendant reserves the right to assert other separate and additional defenses, if and when they become appropriate in this action and to the extent allowed. Defendant further reserves and does not waive any arbitral rights against Plaintiff (to the extent Defendant determined that Plaintiff's claims are subject to a binding arbitration agreement between the parties) and/or any right to seek sanctions against Plaintiff or his counsel under 28 U.S.C. §1927, Fed. R. Civ. P 11, and other applicable rules or law. Defendant also reserves and does not waive the right to bring an affirmative action against Plaintiff, his counsel, or any responsible third parties, if and when it determines it has a legal and factual basis to do so, in accordance with applicable rules and law. Defendant further reserves

its rights to seek an interlocutory appeal with respect to the Court's order on Defendant's motion to dismiss Plaintiff's FAC (*see* Dkt. 23) pursuant to 28 U.S.C. §1292(b). For the avoidance of doubt, Defendant reserves all rights and privileges afforded to it under applicable rules and law, and intends no waiver hereby, whether or not said rights and privilege are expressly identified herein.

## DEFENDANT'S PRAYER FOR RELIEF

WHEREFORE, Defendant respectfully requests that the Court enter judgment in its favor, dismiss Plaintiff's FAC with prejudice, award Defendant all of its costs and attorneys' fees incurred in defending this action to the extent available under applicable law, and grant Defendant all other relief as the Court deems just and appropriate.



MERRICK, HOFSTEDT & LINDSEY, P.S.
ATTORNEYS AT LAW
3101 WESTERN AVENUE, SUITE 200
SEATTLE, WASHINGTON 98121
(206) 682-0610

Dated: August 10, 2026,

Respectfully submitted,

By: s/ *A. Paul Heeringa*

John W. McGuinness (admitted *pro hac vice*)
A. Paul Heeringa (admitted *pro hac vice*)
**MANATT, PHELPS & PHILLIPS, LLP**
2049 Century Park East, Suite 1700
Los Angeles, CA 90067
JMcGuinness@manatt.com
PHeeringa@manatt.com

Rossi F. Maddalena, WSBA #39351
**MERRICK, HOFSTEDT & LINDSEY, P.S.**
3101 Western Avenue, Suite 200
Seattle, WA 98121
Tel. (206) 682-0610
Email: rmaddalena@mhlseattle.com

***Attorneys for Defendant***

**CERTIFICATE OF SERVICE**

I hereby certify that on August 10, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all parties or their counsel of record**.**

By: s/ *A. Paul Heeringa*