UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHRISTOPHER HOPKINS, individually and on behalf of all other similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HOMELIGHT, INC., a Delaware corporation,<br><br>Defendant. | CASE NO. 26-cv-5017-BHS<br><br>ORDER |

THIS MATTER is before the Court on defendant HomeLight's motion to bifurcate discovery. Dkt. 27.

HomeLight asks the Court to bifurcate discovery to allow the parties to focus on narrow case-dispositive individual issues, such as whether plaintiff Christopher Hopkins "consented, revoked consent, or has standing," before moving to broader class discovery. Dkt. 27 at 10. It asserts that discovery on Hopkin's individual claims will be easily obtainable, neither extensive nor time consuming, and will not require a difficult line-drawing exercise between merits and class discovery. Dkt. 35 at 6.

Hopkins opposes bifurcation, contending that individual and class discovery substantially overlap, that bifurcation would delay class certification and cause prejudice,

and that judicial economy weighs against it. Dkt. 33. He asserts that bifurcation would require the parties to repeat much of the same work, increase costs for all parties, and delay resolution of claims. *Id.* at 9.

In considering whether to bifurcate discovery in a putative class action, courts look to both Federal Rules of Civil Procedure 23 and 42(b). Rule 42(b) gives the court broad discretion to bifurcate proceedings "[f]or convenience or to avoid prejudice, or to expedite and economize." When considering whether to bifurcate class discovery and plaintiff's individual claims, courts consider: (1) the overlap between individual and class discovery, (2) whether bifurcation will promote Federal Rule of Civil Procedure 23's requirement that certification be decided at "an early practicable time," (3) judicial economy, and (4) any prejudice reasonably likely to flow from the grant or denial of a stay of class discovery. *True Health Chiropractic Inc v. McKesson Corp.*, 2015 WL 273188, at *1 (N.D. Cal. Jan. 20, 2015) (citation omitted).

The Court finds good cause to bifurcate here. HomeLight has raised potentially dispositive issues, including whether Hopkins consented or revoked consent to HomeLight's phone calls and text messages. Broad class discovery is not necessary to resolve those issues. *See Osidi v. Assurance IQ, LLC*, 2022 WL 623733, at *2 (D. Mass. Mar. 3, 2022). Any risk of prejudice to Hopkins resulting from a short delay is minimal, particularly when weighed against the substantial prejudice HomeLight would face if required to conduct broad class discovery in connection with an individual claim that is unlikely to succeed on the merits. The parties are reminded of their obligations to

preserve evidence and to ensure that third-party vendors likewise preserve any evidence relevant to this litigation.

The Court adopts HomeLight's proposed schedule:

1. Discovery as to the merits of Plaintiff's individual TCPA claims against HomeLight, as alleged in his current operative complaint, Dkt. 16, shall proceed for one hundred and twenty (120) days after entry of this Order;
2. Opening summary judgment motions as to the merits of Plaintiff's individual TCPA claims shall be due thirty (30) days after the close of the initial phase of individual discovery. Oppositions to summary judgment shall be due thirty (30) days after service of opening motions and reply briefs in support of summary judgment shall be due fifteen (15) days after service of oppositions.
3. All discovery during this initial period shall be limited to issues relevant to determining the merits of Plaintiff's individual TCPA "Do Not Call" ("DNC") claims as alleged against Defendant, specifically: (i) whether Plaintiff has standing to maintain his claims, (ii) whether Plaintiff received a "telephone solicitation" call within the meaning of the TCPA (*i.e.*, whether he or someone on his behalf provided or revoked his "prior express invitation or permission" to receive the subject calls and/or he had an "established business relationship" with HomeLight); (iii) who physically placed and therefore is potentially liable under the TCPA for the subject communications (i.e., direct or vicarious TCPA liability), (iv) whether Plaintiff is a "residential" subscriber within the meaning of the TCPA, (v) who and whether Plaintiff himself registered the subject number on the

National DNC Registry; (vi) whether HomeLight had internal DNC procedures in place at the time of the subject communications; and/or (vii) whether Plaintiff would be an adequate or typical class representative.

4. The Parties can issue third party discovery during this initial discovery period as needed, but class related discovery shall not be allowed during it, other than as to Plaintiff's adequacy as a class representative or as to the typicality of his claims, absent further order from this Court. Accordingly, to the extent Plaintiff has already issued any class-related discovery requests to Defendant or other parties, Defendant or other parties need not respond to same.
5. After the initial discovery period and the Court's ruling on the Parties' summary judgment briefing as to Plaintiff 's individual TCPA claims, the Court shall set a further case management and scheduling conference to occur, at the Court's convenience, in order to set, if necessary, a schedule for class discovery and all other case management deadlines.
6. The parties may petition the Court to extend the bifurcated period, as needed.

HomeLight's motion to bifurcate discovery is **GRANTED**.

IT IS SO ORDERED.

Dated this 8th day of October, 2026.

BENJAMIN H. SETTLE
United States District Judge