UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHRISTOPHER HOPKINS, individually and on behalf of all other similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HOMELIGHT, INC., a Delaware corporation,<br><br>Defendant. | CASE NO. 26-cv-5017-BHS<br><br>ORDER |

THIS MATTER is before the Court on defendant HomeLight's 28 U.S.C. § 1292(b) motion to certify the Court's July 13, 2026 Order for interlocutory appeal and for a stay pending appeal. Dkt. 36.

Plaintiff Christopher Hopkins alleges that HomeLight violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(c)(5), by calling and texting him after his phone number was placed on the National Do-Not-Call Registry and by continuing to contact him after he opted out. Dkt. 16 at 21–23. HomeLight moved to dismiss, arguing that § 227(c)(5) applies exclusively to telephone calls, not text

messages. The Court denied the motion, concluding that HomeLight's argument was foreclosed by Ninth Circuit precedent holding that a text message is a "call" within the meaning of the TCPA. Dkt. 23 at 5–6 (citing *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946 (9th Cir. 2009) and *Howard v. Republican Nat'l Comm.*, 164 F.4th 1119 (9th Cir. 2026)).

HomeLight now asks the Court to certify for interlocutory appeal "whether text messages constitute 'telephone calls' within the meaning of [47 U.S.C. § 227(c)]." Dkt. 36 at 6. It contends that this issue "is undoubtedly a controlling question of law as to which there are substantial grounds for differences of opinion." Dkt. 36 at 7. It cites the Seventh Circuit's recent decision in *Steidinger v. Blackstone Med. Servs*., 182 F.4th 532, 536-539 (7th Cir. 2026) and several out-of-circuit district court[1] decisions concluding that text messages do not qualify telephone calls under that particular provision and distinguishing decisions addressing "calls" under § 227(b). *Id.* HomeLight argues that "an immediate appeal of this dispositive issue would materially advance the ultimate termination of this case because Plaintiff's DNC claims would be subject to dismissal, or at least the scope of the case and discovery would be substantially narrowed." *Id.* at 7–8.

The court may certify for appeal an otherwise non-appealable order where "such order involves a controlling question of law as to which there is substantial ground for

[1] *See* Dkts. 39, 42, 43 (notifying the Court of *Rush v. Selectquote Ins. Serv., Inc*., No. 1:26-CV-433, 2026 WL 2495598 (W.D. Mo. July 30, 2026); *Card v. R.J. Reynolds Tobacco Holdings, Inc*., No. 1:26-CV-433, 2026 WL 2673068 (M.D.N.C. Sept. 3, 2026); *Radvansky v. 1st Class Medical*, No. 25-CV-03796-PAB-STV, 2026 WL 2858562 (D. Colo. Sept. 23, 2026); and *Brown v. Hursh Group, LLC*, No. 26-CV-00185-NRN, 2026 WL 2906613 (D. Colo. Sept. 28, 2026)).

difference of opinion and . . . an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Certification of a non-appealable order under § 1292(b) is appropriate where the order (1) "involves a controlling question of law[;]" (2) "as to which there is a substantial ground for difference of opinion[;]" and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation[.]" *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982) (en banc).

A substantial ground for difference of opinion may exist where "the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented." *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010) (quoting 3 Federal Procedure, Lawyers Edition § 3:212 (2010)). The party seeking certification has the burden of showing that "exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978).

Hopkins does not dispute that the first and third requirements for interlocutory review are satisfied. He argues only that there is no substantial ground for difference of opinion because, regardless of the state of the law in other circuits, Ninth Circuit precedent clearly holds that text messages constitute "calls" within the meaning of the TCPA. Dkt. 40 at 5. He persuasively points out that the Ninth Circuit has already declined interlocutory review of this same question. *Id.* (citing *Dilanyan v. Hugo Boss Fashions, Inc*, No. 2:25-CV-05093-JLS-BFM, 2025 WL 3549868, at *4 (C.D. Cal. Dec.

3, 2025) (certifying for interlocutory review "the meaning of a 'telephone call' within §227(c)(5) of the TCPA"); *Dilanyan v. Hugo Boss Fashions, Inc.*, No. 25-7951 Dkt. 7 (9th Cir. Jan. 7, 2026) (denying petition).

The Court agrees. Although the Ninth Circuit has not addressed text messages in the specific context of § 227(c)(5), it has squarely and repeatedly held that a text message is a "call" within the meaning of the TCPA. *See Satterfield*, 569 F.3d at 954; *Howard*, 164 F.4th at 1123. HomeLight identifies no reason why this case warrants a different result from the Ninth Circuit's denial of interlocutory review of the same question earlier this year. *See Dilanyan*, No. 25-7951, Dkt. 7. HomeLight's question is neither novel nor unsettled in this circuit. Nor does it present the exceptional circumstances necessary to warrant interlocutory review.

HomeLight's motion to certify this Court's Order for interlocutory review and stay pending appeal is **DENIED**.

IT IS SO ORDERED.

Dated this 8th day of October, 2026.

BENJAMIN H. SETTLE
United States District Judge